# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-520V
Filed: July 10, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| A.E., a minor, by his parents, | * | |
| CLARISSA GIBBS and | * | Special Master Hamilton-Fieldman |
| DERRICK EGGLESTON, | * | |
| | * | Petitioners' Motion for a Dismissal |
| Petitioners, | * | Decision; Haemophilus influenzae |
| | * | type B ("Hib") Vaccine; Diphtheria |
| v. | * | Tetanus acellular Pertussis ("DTaP") |
| | * | Vaccine; Rotavirus ("Rotateq") |
| SECRETARY OF HEALTH | * | Vaccine; Prevnar Vaccine; Hepatitis |
| AND HUMAN SERVICES, | * | B ("Hep B") Vaccine; Inactivated |
| | * | Polio Vaccine ("IPV"); Anal |
| Respondent. | * | Abscess; Intussusception ("IS"). |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Michael G. McLaren, Black, McLaren, Jones, Ryland & Griffee, P.C., Memphis, TN, for Petitioner.
Darryl Wishard, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On June 19, 2014, Clarissa Gibbs and Derrick Eggleston ("Petitioners") filed a petition for compensation on behalf of their son, A.E., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioners alleged that the administration of Haemophilus influenzae type B ("Hib"), Diptheria Tetanus acellular Pertussis ("DTaP"), Rotavirus ("Rotateq"), Prevnar, Hepatitis B ("Hep B"), and Inactivated Polio ("IPV") Vaccines on July 25, 2013 caused A.E. to suffer from physical impairments and intussusception ("IS"). The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On July 9, 2015, Petitioners filed a Motion for Decision Dismissing their Petition.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

According to the motion, "Petitioners have been unable to secure sufficient and/or persuasive evidence to prove entitlement to compensation in the Vaccine Program." Petitioners have been advised that a dismissal decision will result in a judgment against them, and that such a judgment will end all of their rights in the Vaccine Program.

To receive compensation under the Vaccine Act, Petitioners must prove either 1) that A.E. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that A.E. suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that A.E. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that his injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioners, however, have offered no such opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master